# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00073-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRANDON LLOYD COX, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 34].

## I.   BACKGROUND

In the fall of 2019, Asheville Police Department officers received reports from two different sources that the Defendant Brandon Lloyd Cox and his girlfriend were selling heroin and methamphetamine from their apartment in Asheville. [Doc. 27: PSR at ¶ 18]. Police subsequently executed a search warrant at the apartment and found two firearms, more than $2,800 in cash, 17 grams of methamphetamine, 14 grams of methamphetamine and fentanyl, 26 methamphetamine pills, and a digital scale. [Id.]. The Defendant took responsibility for all of the items found. [Id.].

At the time he committed these offenses, the Defendant had previously been convicted of felony possession with intent to sell and deliver a counterfeit controlled substance, for which he was sentenced to 5 to 6 months' imprisonment; twice convicted of felony possession with intent to manufacture, sell, and deliver cocaine, for which he was sentenced to 6 to 8 months' imprisonment and 14 to 17 months' imprisonment, respectively; and felony possession with intent to sell and deliver heroin, for which he was sentenced to 12 to 24 months' imprisonment. [Id. at ¶¶ 37-38, 48, 50]. The Defendant was on probation when he committed his offenses, and he had earlier had his probation revoked. [Id. at ¶¶ 48, 50].

A federal grand jury indicted the Defendant and charged him with one count of possession with intent to distribute a methamphetamine mixture and a fentanyl mixture, in violation of 21 U.S.C. § 841; one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant entered into a written plea agreement with the Government and pled guilty to the felon-in-possession offense, in exchange for the Government's agreement to dismiss the other charges. [Docs. 14, 19].

In advance of sentencing, the Court's probation office submitted a Presentence Report (PSR). The probation office calculated a total offense level of 25, which included an increase of four offense levels for possessing a firearm in connection with another felony offense. [Doc. 27: PSR at ¶¶ 26, 34]. The Defendant's criminal history garnered six criminal history points. [Id. at ¶ 51]. The probation office also assessed the Defendant two additional criminal history points because he committed his offense while he was on probation, for a total of eight criminal history points, which corresponded to a criminal history category of IV. [Id. at ¶¶ 52, 53]. Based on a total offense level of 25 and a criminal history category of IV, the probation office calculated an advisory guidelines range of 84 to 105 months' imprisonment. [Id. at ¶ 81]. The Court sentenced the Defendant to 75 months' imprisonment, a downward variance at 89% of the bottom of the advisory guideline range. [Doc. 31 at 2].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines to a term of 70 months. [Doc. 34]. The Government consents to the Defendant's Motion. [Doc. 35].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at

4

step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six criminal history points or less and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assigned a total of eight (8) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of IV. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from eight to six. That score corresponds to a criminal history category of III, which when combined with a total offense level of 25 results in a revised advisory guidelines range of 70-87 months.

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part. Consideration of those factors, as well as the Defendant's post-sentencing conduct, supports a reduced sentence. During his time in the Bureau of Prisons, the Defendant has not received any disciplinary citations. [Doc. 36 at 2]. The Defendant also has completed a number of educational courses and other programming. [Id. at 2-3]. Further, while the Defendant's offense conduct was dangerous, it did not involve violence.

6

Case 1:20-cr-00073-MR-WCM   Document 37   Filed 02/14/24   Page 6 of 7

Therefore, considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's motion for a reduced sentence. In its discretion, the Court will reduce the Defendant's sentence to a term of seventy (70) months, the bottom of the amended guidelines range.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 34] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **SEVENTY (70) MONTHS**.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: February 14, 2024

Martin Reidinger
Chief United States District Judge